UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Petitioner, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Respondent. | CASE NO. 2:22-CV-00388-BHS-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: April 22, 2022 |

Petitioner, a bar-order litigant, has filed a motion to proceed *in forma pauperis* ("IFP") and an application to file a successive petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. 1; Dkt. 1-1 at 2–5. However, "[b]efore a second or successive application is filed in the district court, the [petitioner] shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A); *see also, e.g.*, *Demos v. United States*, No. C21-1188-JCC-MLP, 2021 WL 4896476, at *1 (W.D. Wash. Sept. 8, 2021) ("[Petitioner] may not proceed with a second or successive habeas petition [] unless and until the Ninth Circuit authorizes its filing . . . ." (citation omitted)), *report and recommendation adopted*, 2021 WL 4893428 (W.D. Wash. Oct. 20, 2021). Because Petitioner filed his application

REPORT AND RECOMMENDATION - 1

1  to file a successive § 2254 petition in this Court, he improperly filed it. Therefore, this case
2  should be dismissed without prejudice. Petitioner may, if he wishes, attempt to file his
3  application to file a successive § 2254 petition in the Ninth Circuit.
4     A certificate of appealability should be denied because reasonable jurists would not
5  debate that the Court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 478
6  (2000).[1] There is no basis for granting IFP on appeal because any appeal of this matter would be
7  frivolous. *See* Fed. R. App. P. 24(a)(3)(A); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).
8     Accordingly, it is **RECOMMENDED** that:
9     (1)   This case be **dismissed without prejudice**.
10    (2)   Petitioner's IFP motion (Dkt. 1) be **denied as moot**.
11    (3)   A certificate of appealability be **denied**.
12    (4)   This case be **closed**.
13    ///
14    ///
15    ///
16    ///
17    ///
18    ///
19    ///
20    ///

---

[1] Because the Clerk designated this case as a § 2241 action, the undersigned is making a recommendation about a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("[S]tate prisoners proceeding under § 2241 must obtain a [certificate of appealability]." (citation omitted)).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 22, 2022** as noted in the caption.

Dated this 4th day of April, 2022.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge